BRANDON *v.* INTERSTATE LIFE & ACCIDENT CO.[*]

(In Banc. April 23, 1928.)

[116 So. 739. No. 26962.]

1. COSTS. *County court's money judgment for claimant being affirmed by circuit court and supreme court, claimant could recover statutory damages (Hemingway's Code 1927, section 3407).*

Where county court awarded sum of money to claimant in garnishment proceeding and circuit court affirmed judgment and on appeal to supreme court judgment was affirmed, claimant *held* entitled to judgment on appeal bond for damages at rate of five per cent. upon principal amount of judgment rendered against garnishee, under Code 1906, section 4926 (Hemingway's Code 1927, section 3407).

2. APPEAL AND ERROR. *Supreme court judgment, affirming circuit court judgment, affirming county court judgment, need not direct circuit court to remand case for enforcement by execution (Hemingway's Code 1927, sections 729, 3427).*

Judgment of supreme court, affirming judgment of circuit court, which affirmed county court's judgment, awarding claimant in garnishment proceeding sum of money, need not direct circuit court to remand case to county court, for enforcement by execu-

tion or other process, under Code 1906, section 4946 (Hemingway's Code 1927, section 3427), and Laws 1926, chapter 131, section 5 (Hemingway's Code 1927, section 729).

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 1232, n. 81; Costs, 15CJ, p. 281, n. 9.

APPEAL from circuit court of Lauderdale county.

HON. J. D. FATHEREE, Judge.

Action instituted in the county court by Mrs. Elizabeth Brandon against A. D. Zimmerman, defendant, with the Guaranty Bank & Trust Company of Meridian as garnishee, in which the Interestate Life & Accident Company claimed part of the funds garnished. On appeal to the circuit court, judgment allowing the sum to the claimant was affirmed, and plaintiff appealed. Judgment was affirmed, and claimant moves for judgment on the appeal bond and request that the circuit court be directed to remand the case to the county court for enforcement. Motion sustained in part.

See, also, 115 So. 888.

*Currie & Amis,* for appellant.

*Bozeman & Cameron,* for appellees.

SMITH, C. J. The appellant, having recovered a judgment in the county court of Lauderdale county against one Zimmerman, procured a writ of garnishment thereon to be served upon the Guaranty Bank & Trust Company of Meridian. The bank, in answer to the writ, admitted that at the time of the service of the writ it had in its possession the sum of ninety dollars and ninety-seven cents to the credit of said Zimmerman subject to check, but that the garnishee was informed that said money did not belong to Zimmerman, but was the property of the Interstate Life & Accident Insurance Company, who had claimed the same, and prayed that the said com-

pany might be summoned to appear and contest with plaintiff the right to said money.

The Interstate Life & Accident Company appeared and propounded a claim for eighty-three dollars and five cents of the money in the hands of the Guaranty Bank & Trust Company, and was awarded a judgment therefor, from which the appellant carried the case to the circuit court, where the judgment of the county court was affirmed and the case ordered to be remanded to that court, from which judgment the appellant has brought the case to this court.

The judgment of the court below was affirmed by this court on a former day of the present term, and the appellee moves the court for a judgment on the appeal bond, that it "recover of the appellant, and the sureties on her appeal bond, damages at the rate of five per centum upon the principal amount of the judgment rendered below against the garnishee, eighty-three dollars and five cents with interest at six per centum per annum on the amount of said judgment from the date thereof, and all costs of appeal and of the circuit court and of the county court in this proceeding, for which execution may issue, as authorized by section 4926, Code of 1906 (section 3407, Hemingway's 1927 Code)."

Section 4926, Code of 1906 (section 3407, Hemingway's 1927 Code), provides that:

"In case the judgment or decree of the court below be affirmed, or the appellant fail to prosecute his appeal to effect the supreme court shall render judgment against the appellant for damages, at the rate of five per centum and costs, as follows: If the judgment or decree affirmed be for a sum of money, the damages shall be upon such sum."

The judgment rendered by the circuit court simply affirmed the judgment rendered by the county court, but, nevertheless, it was, to all the intents and purposes, a judgment for a sum of money, to-wit, that awarded the

appellee in the county court. Consequently, the statute applies, and the motion will be sustained.

The appellee also requests that:

"The circuit court be directed to remand the case to the county court for enforcement by execution, or other proper process, as authorized by section 4946, Code of 1906, and section 5, chapter 131, Laws of 1926 (sections 3427 and 729 of Hemingway's Code of 1927)."

It is unnecessary for such an order to be included in the judgment here rendered by this court. In due course, the clerk of this court will certify the judgment here rendered to the circuit court, from which the case was appealed. It will then become the duty of the clerk of that court to deal with the judgment as if no appeal to this court had been taken, and to certify the action of the circuit court in affirming the judgment to the county court so that it may proceed with the enforcement of the judgment.

*Motion sustained in part.*